REQUESTED BY: Patrick Kelly, Sarpy County Attorney Papillion, Nebraska
Is a hard surfaced road outside of the city limits considered within a `metropolitan area' and therefore free from the inhibition against heavier axle loads as provided in Neb.Rev.Stat. § 39-6,180 (Reissue 1984)?
No.
This is in response to your request for an interpretation of the term `metropolitan area' as used in Neb.Rev.Stat. § 39-6,180(6) (Reissue 1984). You indicated that the specific geographic area you are concerned with is in Sarpy County, Nebraska, with a hard-surfaced (blacktopped) road outside the city limits of Bellevue, Nebraska.
A plain reading of the statute involved indicates that for a roadway to be exempt from the limitations of this section, it must first fall within a metropolitan area and secondly, the vehicles traveling upon this roadway may be subjected to the regulation of city ordinances.
Neb.Rev.Stat. § 39-6,180(6) (Reissue 1984) reads as follows:
 The limitations of subsections (2), (4), and (5) of this section shall apply as stated to all main, rural, and intercity roads, but shall not be construed as inhibiting heavier axle loads in metropolitan areas except on the National System of Interstate and Defense Highways if such loads are not prohibited by city ordinance.
Thus, in order to be free from the inhibition against the heavier axle loads the road must be found in (1) a metropolitan area, (2) not be part of the National System Interstate and Defense Highways, and (3) not be prohibited by a city ordinance.
Although there does not appear to be any Nebraska case law on this issue, Attorney General's Opinion No. 242, issued September 29, 1964, indicates that the obvious purpose of this, or a similar section of the Nebraska statutes, is to preserve and protect public roads from excessive wear and deterioration caused by vehicles of great weight being operated thereover, often at high speeds. That Opinion went on to indicate that it is common knowledge that the more populous urban areas have streets which are constructed in a manner and with such materials as to provide a greater resistance to such wear and deterioration. Also, within such areas the vehicles are generally not operated upon the streets at high rates of speed. Since the cities have the power to control both the construction and the use of these streets, the Legislature may have appropriately been prompted to make an exception as is contained in 39-6, 180(6).
The specific issue raised in your letter is what geographic area consists of the metropolitan area. For the purposes of this statute, it is imperative that the metropolitan area should not be interpreted as to extend beyond the city limits of any city which would constitute a metropolitan area. The obvious purpose of § 39-6,180 is to preserve and protect the public roads from excessive wear and deterioration caused by vehicles of great weight being operated thereover, often at high speeds. Since Bellevue is only able to regulate and control the use of its streets which lie within its city limits, the general protection of those roads which lie without these boundaries needs to fall under the protection of this statute. Thus, all main, rural, and intercity roads outside the city limits would fall under the weight and axle road limitations set forth by this statute. Such a statutory interpretation provides for the preservation and protection of public roads from excessive wear and deterioration caused by vehicles of great weight which could otherwise be operated thereover.
Very truly yours,
A. EUGENE CRUMP Deputy Attorney General
Jill Gradwohl Assistant Attorney General
APPROVED:
A. Eugene Crump Deputy Attorney General